## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| Syed Hussain, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action File No.: |
| | ) | |
| vs. | ) | |
| | ) | |
| Amsher Collection Services, Inc., | ) | **COMPLAINT WITH** |
| | ) | **JURY TRIAL DEMAND** |
| | ) | |
| Defendant | ) | |

## PRELIMINARY STATEMENT

This action for damages is based upon the Defendant's overt and intentional, unlawful conduct in the furtherance of its efforts to collect a consumer debt. The Defendant's conduct is in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq.

## PARTIES

1.     Plaintiff, Syed Hussain, is a natural person who resides in Collin County, Texas.

2.     Defendant, Amsher Collection Services, Inc., is a foreign corporation registered to do business in Texas and it can be served through its registered agent CT Corporation Systems, 1999 Bryan Street Suite 900, Dallas, Texas, 75201.

## JURISDICTION AND VENUE

3.     This Court has federal question jurisdiction over Plaintiff's Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.     This Court has personal jurisdiction over Defendant because, inter alia, Defendants frequently and routinely conducts business in the State of Georgia, including the conduct complained of herein.

5.     Pursuant to 28 U.S.C. § 1391, venue is proper in the Northern District of Georgia because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6.     Venue is proper in the Tyler Division of the Eastern District of Texas as the conduct complained of herein occurred in Collin, which is in the Tyler Division.

## FACTUAL ALLEGATIONS

7.     Plaintiff is allegedly obligated to pay a consumer debt arising out of personal cellular phone service and is, therefore, a "consumer", as that term is defined by 15 U.S.C. § 1692a(3).

8.     Defendant is a collection agency specializing in the collection of consumer debt.

9.     Defendant uses interstate commerce and/or mail in its business in the collection of consumer debts.

10.    Defendant manages, and collects upon, thousands of consumer debt accounts annually.

11.    Defendant is, therefore, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

12.    The plaintiff has a disputed debt, allegedly owing to T-Mobile related to cellular phone service.

13.    On or about October 18th, 2021 the Plaintiff received a collection letter dated October 14th, 2021 from Convergent Outsourcing, Inc., hereinafter referred to as "Convergent."   Convergent is a national collection agency specializing in the collection of consumer debt.

14.    Convergent's letter to the Plaintiff stated that it was collecting an account originating with T-Mobile, with the last four digits of the account number being 6798, for $432.92. A reproduction of the pertinent portion of this  letter is reproduced here. (The Plaintiff's address has been redacted in an effort to preserve his privacy.)



Dear Syed Hussain:

This notice is being sent to you by a collection agency.  The records of T-Mobile USA show that your balance of $ 432.92 is due in full for mobile phone service.  If payment is received prior to your account being written off, we may be able to offer you the option of re-connecting your mobile phone service at no additional cost.

Sincerely,

Convergent Outsourcing, Inc.

**THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.  THIS COMMUNICATION IS FROM A DEBT COLLECTOR.**

Please send any correspondence to Convergent Outsourcing, Inc. at PO Box 9004 Renton, WA 98057.

**NOTICE:  PLEASE SEE REVERSE SIDE FOR IMPORTANT CONSUMER INFORMATION.**

Questions about Convergent visit http://convergenthelp.com/

15.     On or about October 30th, 2021, the Plaintiff received a letter from the

Defendant  dated  October  26th,  2021.  This  letter  informed  the  Plaintiff  that

Defendant was collecting the account referenced above originating with T-Mobile

and provided the same identifying digits as the account number – 6798.  Unlike the letter from Convergent, this notice indicated that the amount due from the Plaintiff was $541.15.  A reproduction of pertinent portion of this letter, likewise redacted, is reproduced here:



**AmSher**

AMSHER COLLECTION SERVICES, INC.
4524 SOUTHLAKE PARKWAY, SUITE 15
BIRMINGHAM, AL 35244

Mon - Thurs 8:00AM to 7:00PM CST
Friday 8:00AM to 5:30PM CST
1-877-322-9724

 October 26, 2021

Syed Hussain
~~████ Windcrest St~~
Allen, TX  75002-0961

Dear Syed Hussain:

The account shown here is unpaid and the balance owed has been placed with this office for collection.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid.  If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification.  If you request of this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Payment can be made online at www.amsher.com or mailed to 4524 Southlake Parkway, Suite 15, Hoover, AL 35244.

| Account Summary | |
| --- | --- |
| *Original Creditor* | |
| T-MOBILE | |
| *Current Creditor* | |
| T-MOBILE | |
| *Creditor's Acct #* | |
| 943176798 | |
| *AmSher Acct #* | |
| 30789380 | |
| *Total Due* | |
| $541.15 | |



Scan this code with your smartphone to pay your bill online

**This communication is from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose.**

Nick Jackson

Director of Operations

16.     The Plaintiff was taken aback by the significant increase in an account that apparently occurred over a period of less than ten days.  In an effort to obtain more information, the Plaintiff initiated a telephone call to the Defendant on November 4th, 2021.

17.     The Plaintiff's call was connected with an individual identifying herself as "Latrice" and a representative of the Defendant.  After verifying the Plaintiff's identity, Defendant confirmed that it is collecting $541.15 on behalf of T-Mobile.

18.     When asked about the significant disparity between the amount referenced in the letter Plaintiff received from Convergent and the amount being collected by the Defendant, Defendant informed Plaintiff that it was a collection fee of $108.23 that was added to the account when it was placed outside for collection.

19.     As can be seen from the letter from Convergent, Exhibit 1, there was no "collection fee "assessed at the time the account was sent out to a third party.

20.     By its own language, the Defendant is attempting to collect a collection fee that is equal to 25% of the alleged principal due.

21.     This fee is not authorized under any contractual agreement between the Plaintiff and T-Mobile, nor is it available to the Defendant under Texas law.

22.     A percentage-based collection fee assessed before the collector attempted to collect the balance due does not bear any correlation to the actual cost

of the collector's collection effort and is thus a violation of the FDCPA.  *See, Bradley v. Franklin Collection Service, Inc*., 739F3d 606, 609 (11th Circuit, 2014).

## INJURIES-IN-FACT

23.     The FDCPA provides consumers with "statutorily-created rights to be free from 'being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.'" *McCamis v. Servis One, Inc.*, No. 8:16-CV-1130-T-30AEP, 2016 U.S. Dist. LEXIS 99492 (M.D. Fla. July 29, 2016); *Church v. Accretive Health, Inc*., 654 Fed. Appx. 990, 2016 U.S. App. LEXIS 12414, 2016 WL 3611543 (11th Cir. 2016).

24.     An injury-in-fact sufficient to satisfy Article III standing requirements "may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing." *Church*, at 993, quoting *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982).

25.     Violation of statutory rights are not a "hypothetical or uncertain" injury, but one "that Congress has elevated to the status of a legally cognizable injury through the FDCPA." *McCamis*, at 4, citing *Church*, at 3.

26.     Defendant is subjecting Plaintiff to false, deceptive, unfair, and unconscionable means to collect the debt.

27.    Defendants acts and omissions caused particularized harm to the Plaintiff in that the false and misleading information provided by Defendant hindered the Plaintiff from making the necessary decisions regarding the prioritization of his debt. In addition, the false and misleading representations by the Defendant caused the Plaintiff to waste time and worry about what is an illegal increase in his debt.

28.    Accordingly, through the violation of Plaintiffs' statutorily created rights under the FDCPA, Plaintiff has suffered an injury-in-fact sufficient to establish Article III standing.

## DAMAGES

29.    As a result of the Defendant's actions and/or omissions, Plaintiff has suffered actual damages, including but not limited to the following:

a.)    Being subjected to false, deceptive, unfair, and unconscionable debt collection practices;

b.)    Uncompensated time expended away from work and/or activities of daily living, to confer with counsel regarding the Defendant's collection efforts;

c.)    Anxiety and worry caused by concern that Plaintiff was being called upon to pay an improper claim.

## CAUSES OF ACTION

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et. seq.

*Violations of 15 U.SC. § 1692e and its subparts*

30.     15 U.S.C. § 1692e specifically prohibits the use of any false, deceptive, or misleading representations or means in connection with the collection of any debt.

31.     The use of "or" in § 1692e means a representation violates the FDCPA if it is false or deceptive or misleading.  *Bourff v. Rubin Lublin*, LLC, 674 F.3d 1238, 1241 (11th Cir. 2012).

32.     The standard in determining the nature of any such representation is that of the "least sophisticated consumer." Its purpose is to protect "naive consumers" with a minimal understanding of personal finance and debt collection. *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1194 (11th Cir. 2010) (per curiam).

33.     Moreover, the least sophisticated consumer is not to be held to the same standard as a reasonably prudent consumer. The least sophisticated consumer, though not unreasonable, is "ignorant" and "unthinking,"  "gullible," and of "below-average sophistication or intelligence," *Pinson v. JPMorgan Chase Bank, Nat'l Ass'n*, No. 16-17107, 2019 U.S. App. LEXIS 33662, at 12-13 (11th Cir. Nov. 12, 2019), quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)

34.     A false representation in connection with the collection of a debt is sufficient to violate the FDCPA, even if it is not alleged or proven to be misleading or deceptive.

35.     The Defendant's assessment of a contingent collection fee and describing it as a fee assessed by T-Mobile at the time the account was sent out for collection was objectively false and materially misleading and a violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5) and 1692e(10).

***Violations of 15 U.SC. § 1692f and its subparts***

36.     The conduct of the Defendant as described herein was unfair and unconscionable. It preyed upon perceived lack of sophistication  of the Plaintiff.

37.     Defendant's conduct violated 15 U.S.C. § 1692f.

## TRIAL BY JURY

38.     Plaintiff is entitled to and hereby requests a trial by jury.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for:

a.)     Plaintiff's actual damages;

b.)     Statutory damages pursuant to 15 U.S.C. § 1692k;

c.)     Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k; and

d.)     Such other and further relief as may be just and proper.

Respectfully submitted this 4th day of April 2022.

**BERRY & ASSOCIATES**

*/s/ Matthew T. Berry*
Matthew T. Berry
Georgia Bar No.: 055663
matt@mattberry.com
2751 Buford Highway, Suite 600
Atlanta, GA 30324
Ph. (404) 235-3300
Fax (404) 235-3333

*Plaintiff's Attorney*